```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     - against -                    :    12 CR 31 (VM)
                                    :
BRYAN RHODES,                       :    DECISION AND ORDER
                                    :
              Defendant.            :
------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

On March 20, 2015, the Court sentenced Bryan Rhodes ("Rhodes") to 240 months' imprisonment, based on his plea of guilty to Counts One and Two of a Superseding Information filed on October 22, 2014. (See "Superseding Information," Dkt. No. 936; "Judgment," Dkt. No. 1111.) Count One of the Superseding Information charged Rhodes with conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. Section 846. See id. Count Two of the Superseding Information charged Rhodes with possessing and discharging a firearm during and in relation to the narcotics conspiracy charged in Count One, in violation of 18 U.S.C. Sections 924(c)(1)(A)(iii) and 2. See id.

On November 7, 2019, Rhodes submitted a letter that the Court construed as an application for relief pursuant to the United States Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019). (See "Davis

Motion," Dkt. No. 1740.) On February 21, 2020, the Government submitted a response opposing the Davis Motion. (See Dkt. No. 1746.) For the reasons set forth below, the Court now DENIES the Davis Motion.

In United States v. Davis, the Supreme Court held that the definition of "crime of violence" contained in 18 U.S.C. Section 924(c)(3)(B) was unconstitutionally vague. See 139 S. Ct. at 2324, 2336. Davis might thus affect Rhodes's sentence if the firearm charge to which he pleaded guilty related to a crime of violence, rather than a "drug trafficking crime." See 18 U.S.C. § 924(c)(1)(A)(iii). However, the crime underlying Rhodes' firearm charge was the narcotics conspiracy charged in Count One of the Superseding Information, which is a drug trafficking crime as defined in 18 U.S.C. Section 924(c)(2). Because Davis concerns crimes of violence rather than drug trafficking crimes, it does not affect the validity of either charge to which Rhodes pleaded guilty. See United States v. Muir, No. 15 CR 78, 2019 WL 6117562, at *1 (S.D.N.Y. Nov. 18, 2019) ("Nothing in . . . Davis impacts the definition of a drug trafficking offense."); Dewar v. United States, No. 17 Civ. 2330, 2020 WL 1673791, at *3 n.2 (S.D.N.Y. Apr. 4, 2020) (noting that holding of Davis does not affect portions of 18 U.S.C. Section 924 concerning drug trafficking crimes).

2

Rhodes is thus ineligible for relief under Davis.

Accordingly, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendant Bryan Rhodes for relief pursuant to United States v. Davis, 139 S. Ct. 2319 (2019) (Dkt. No. 1740) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
9 April 2020

Victor Marrero
U.S.D.J.

3